NO. 07-01-0286-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 10, 2002

_____

RUBY WASHINGTON HILL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 43,516-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Ruby Washington Hill brings this appeal from an order of the trial court denying her application for writ of habeas corpus following a mistrial. By five issues, appellant questions whether (1) jeopardy attached pursuant to Article 1, Section 14 of the Texas Constitution when the trial court granted a mistrial due to the prosecutor's violation of a motion in limine, (2) the trial court properly granted a mistrial, (3) the prosecutor

intended to induce the mistrial by asking her about a prior 1985 conviction in violation of a motion in limine, (4) the mistrial occurred as a result of the prosecutor's conscious disregard of the risk of asking her about a 1985 conviction in violation of a motion in limine, and (5) the trial court's ruling denying her application for a pretrial writ of habeas corpus was "clearly erroneous." Based upon the rationale expressed herein, we affirm.

Appellant plead not guilty to the charge of burglary of a building. At a pretrial conference, the trial court granted appellant's motion in limine by which she requested that the State not mention, allude to or refer to, in any manner, any prior convictions or alleged violations of law or extraneous offenses in the jury's presence and before the trial court's determination of relevancy of the suggested evidence. The record indicates that the discussion on the motion in limine was off the record. After the State rested during the guilt/innocence phase of the trial, appellant testified in her own defense. During direct examination, appellant's counsel did not "open the door" to evidence of or otherwise allude to appellant's prior conviction for manslaughter. However, during cross-examination by Assistant District Attorney Martindale, the following exchange occurred:

Q. Isn't it true you were previously convicted of theft?

A. Yes, sir.

Q. Twice?

A. I had to – I had to think about that, because it has been so long ago. Yes.

Q. That's true. And you're also the same person convicted in the 181st District Court in Cause No. 23,885-B for the offense of manslaughter, isn't that correct?

MR. McKINNEY: Your Honor, I'm going to object to that. That violates the prior Motion in Limine.

THE COURT: Let me see you up here.

(At the bench, before the Court only:)

THE COURT: I think under 609 it's admissible, Bill.

MR. McKINNEY: I have – I have a chance to be heard on that, Judge. You know, for starters they're in my Motion in Limine. Now, if you read – may we argue this point outside of the presence of the jury?

(in open court:)

THE COURT: Jesse, if you will take the jury out, please.

(Jury retired from the courtroom).

THE COURT: All right, Mr. McKinney.

MR. McKINNEY: Number one, Judge, under 609-A, I'm entitled under my Motion in Limine to have a ruling on the probative value whether it's more prejudicial than it is or probative on the issue of theft. Not only under 609-A, but 609-B. And that was the sole purpose of the Motion in Limine was to have a ruling by the Court on the probative value versus the prejudicial affect of it. He had opened the door in violation of the Motion in Limine.

MR. MARTINDALE: Your Honor, I believe if you will go back and recall the pretrial hearing when the Court asked me if I agreed to the Motion in Limine, I said, yes, Your Honor, with the exception of impeachment information. And the Court said that was fine.

MR. McKINNEY: Your Honor, under the rule I'm entitled to a ruling on that.

THE COURT: When did the manslaughter conviction of this incident occur:

3

MR. MARTINDALE: The conviction date is the 12th of August of 1995 (sic). She was sentenced to seven years confinement, Your Honor. Excuse me, 1985. I'm sorry.

MR. McKINNEY: Yeah. Thank you, Counsel.

MR. MARTINDALE: Don't mention it, Mr. McKinney.

THE COURT: All right. I'll grant your motion, Mr. McKinney. What is it you want to do? I'll instruct the jury to disregard that last –

MR. McKINNEY: Okay. And then I'm going to move for a mistrial, Your Honor.

THE COURT: Overruled.

MR. McKINNEY: Well, I would like – I would like to – all right. What instruction are going to give, Judge?

THE COURT: Just tell them to disregard the last question and the last – the last question she didn't answer.

MR. MARTINDALE: So, I'm prohibited in going into that matter?

THE COURT: Yes. We should have had a hearing on that anyway, Mr. Martindale. And it's time barred anyway by time limitations.

Bring the jury in, Jesse.

THE BAILIFF: Judge, she needed a break.

THE COURT: Mr. McKinney, do you have anything else?

MR. McKINNEY: Well, let me – let me make sure I understand where we are at, Your Honor. The uh – I made my objection. My objection to the statement that, are you the same person who was convicted of manslaughter in 1985, at which point I objected because it violated the Motion in Limine. It did not give me an opportunity to have the Court determine whether or not – even if it was admissible, whether it was more prejudicial than it was probative. If I understand correctly, the Court has denied my – or overruled my objection.

4

THE COURT: All right. I'm going to sustain the objection.

MR. McKINNEY: Your Honor, the – at this time uh - I would ask the Court uh – to instruct the jury not to consider it for any purpose, and it's my intention to move for a mistrial, because once the skunk's in the box, I can't remove the stink.

THE COURT: All right, I'm granting your Motion for a Mistrial.

MR. McKINNEY: Thank you, Your Honor.

MR. MARTINDALE: Your Honor, when Mr. McKinney urged his Motion in Limine yesterday morning, as I recall the Court specifically asked me if I had any objections to it. My response to the court was, Your Honor, except for the purposes of impeachment, I have no objection. And the Court said fine, as I recall it. Therefore, I don't see, based on that decision from the Court, how I was limited from going into that particular issue by his Motion in Limine.

THE COURT: AS long as you complied with Rule 609, which you did not. You told me that conviction is over ten years old, did you not? It's a 1985 conviction.

MR. MARTINDALE: That is correct, Your Honor.

THE COURT: All right. Jesse, bring the jury in.

MR. McKINNEY: May she stepped [sic step] down?

THE COURT: Yes.

(Jury seated.)

THE COURT: You may be seated. Ladies and gentlemen, I am going to discharge you as jurors from the trial of this case. I am releasing you from all the instructions that I have previously given you. If you just hand your tags to Mr. Salazar, you're free to go. Thank you for your jury service. I apologize if we have caused you any inconvenience. Thank you.

(Jury released.)

5

(Reporter then released exhibits to the State.)

THE COURT: Counsel, I have a jury panel coming in at 1:30. I expect you to be ready.

MR. McKINNEY: Your Honor, uh –

THE COURT: If you have other arrangements cancel them.

MR. McKINNEY: Your Honor, uh – well, the uh – my intention is to file a writ of habeas corpus alleging pretrial – not pretrial, but alleging prosecutorial misconduct. I would like to go back to my office, I'll prepare it immediately, and I would like to have a hearing on it before we do that.

THE COURT: Be ready at 1:30, Mr. McKinney.

MR. McKINNEY: Okay.

(Recess.)

When counsel returned at 1:30, appellant presented her application for writ of habeas corpus.

Appellant called the State's attorney as a witness. His examination demonstrated that Mr. Martindale is an experienced prosecutor and was aware of the trial court's order granting the motion in limine; however, he testified that according to his recollection, the court order did not limit use of prior offenses for impeachment purposes. After consideration, the trial court denied the application for writ of habeas corpus on the grounds of double jeopardy. When the State stipulated that appellant was entitled to appeal the court's denial of the application, the court announced a final recess.

6

Restating appellant's five issues, she questions whether (1) jeopardy attached pursuant to Article 1, Section 14 of the Texas Constitution when the trial court granted a mistrial due to the prosecutor's violation of a motion in limine, (2) the trial court properly granted a mistrial, (3) the prosecutor intended to induce the mistrial by asking her about a prior 1985 conviction in violation of a motion in limine, (4) the mistrial occurred as a result of the prosecutor's conscious disregard of the risk of asking her about a 1985 conviction in violation of a motion in limine, and (5) the trial court's ruling denying her application for a pretrial writ of habeas corpus was "clearly erroneous." We need not consider appellant's second issue because she concedes that the trial court properly granted her motion for mistrial and the State acknowledges that after *Bauder II*[1] the propriety of the mistrial is not a consideration in resolving a double jeopardy argument. Accordingly, we will consider appellant's remaining issues simultaneously; but first, we set forth the appropriate standard of review.

### Standard of Review

In reviewing trial court rulings, an appellate court must determine the amount of deference which is appropriately given to the ruling at issue. Appellate courts either give almost total deference to trial court rulings, or review the rulings *de novo*, depending on

---

[1]After its initial decision in Ex Parte Bauder, 921 S.W.2d 696 (Tex.Cr.App. 1996), the Court had a second opportunity to consider when a mistrial implicates double jeopardy. Bauder v. State, 974 S.W.2d 729 (Tex.Cr.App. 1998).

7

the basis of the decision being challenged. Where, as here a reporter's record of the hearing on the application for writ of habeas corpus is presented, almost total deference is given to the (1) trial court's determinations of historical facts with support in the record, (2) fact determinations involving an evaluation of credibility or demeanor, and (3) rulings on questions involving application of law to fact (also known as mixed questions of law and fact) if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App.1997) (en banc). This level of appellate deference is referred to as a review for abuse of discretion. *Id*. Mixed questions of law and fact not falling within the foregoing categories may be reviewed *de novo* by the appellate court. *Id*. *De novo* review does not embody the abuse of discretion standard of review. *Id.* Even when conducting a *de novo* review, however, an appellate court affords appropriate deference (abuse of discretion) to the trial court's findings on subsidiary factual questions. *Id*.

Generally, the denial of habeas corpus relief is within the discretion of the court considering the habeas petition. Ex Parte Pipkin, 935 S.W.2d 213, 215 (Tex.App.-- Amarillo 1996, pet. ref'd). On appeal, the ruling of such court will be upheld unless its ruling is an abuse of discretion. State v. DeLeon, 971 S.W.2d 701, 705 (Tex.App.-- Amarillo 1998, pet. ref'd). The ruling of the court considering the habeas petition will be upheld if it is correct on any theory of law. *Id*. Accordingly, we will review the trial court's

8

order to determine if its decision is clearly erroneous. Ex Parte May, 852 S.W.2d 3, 5 (Tex.App.--Dallas 1993, pet. ref'd).

Before *Bauder II*, 974 S.W.2d at 731, the granting of a defendant's motion for mistrial did not implicate a claim of double jeopardy baring retrial, *see* Crawford v. State, 703 S.W.2d 655 (Tex.Cr.App. 1986), except when the prosecutor caused the defendant to move for mistrial. *Id*. at 662; *Ex Parte May*, 852 S.W.2d at 4. After *Bauder II*, the questions presented are:

- whether the defendant's motion for mistrial was a choice made in response to ordinary reversible error in order to avoid conviction, appeal, reversal and retrial; or, on the other hand,

- was the defendant required to move for mistrial because the prosecutor *deliberately or recklessly* crossed "the line between legitimate adversary gamesmanship and manifestly improper methods" that rendered trial before the jury unfair to such a degree that no judicial admonishment could have cured it?

974 S.W.2d at 732. (Emphasis added). The opinion does not define "ordinary reversible error," however, where, as here, the trial court granted a mistrial for violation of a motion in limine, we do not consider the error to be "ordinary reversible error, " *i.e.*, inadvertently admitted hearsay evidence, otherwise  orders granting motions in limine would be rendered meaningless and produce a waste of judicial resources by the granting of mistrials.

Similarly, *Bauder II* does not provide any guidelines or instruction to assist us or the trial court in determining when the prosecutor *deliberately or recklessly* crosses "the line between legitimate adversary gamesmanship and manifestly improper methods," that render judicial admonishment to the jury futile. Here, at the hearing on appellant's application, the prosecutor testified that according to his recollection, when the motion in limine was considered, the order did not prohibit use of the evidence for purposes of impeachment. However, the record shows that the motion and the court's remarks were off the record and the order granting the motion does not specifically address the use of prior convictions for purposes of impeachment. Also, the record does not demonstrate whether the prosecutor's recollection was supported by the record or whether his reference to appellant's prior conviction was deliberate or reckless. Therefore, according almost total deference to the trial court's ruling, we are unable to hold that the trial court abused its discretion in denying appellant's application for writ of habeas corpus. We have not overlooked Ex Parte Wheeler, 61 S.W.3d 766 (Tex.App.--Fort Worth 2001, pet. filed Feb. 26, 2002), relied on by appellant; however, it is not controlling because we have been provided with a record of the hearing in the trial court when the application for writ of habeas corpus was presented, and the same judge who heard the application presided over appellant's trial. Issues one, three, four and five are overruled and we need not consider issue two.

Accordingly, the judgment of the trial court is affirmed.

10

Don H. Reavis
Justice

Publish.