Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



JOSE GARCIA,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00405-CR

Appeal from the

County Criminal Court at Law No. 2

of El Paso County, Texas

(TC# 20010C19724)




O P I N I O N

           This is an appeal from a jury conviction for the offense of assault. The court assessed
punishment at 120 days’ confinement. We affirm the judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           On December 28, 2001, Appellant was charged with a Class A misdemeanor assault. 
A jury trial commenced on July 21, 2003. The court had granted Appellant’s motion in
limine regarding the inadmissibility of prior bad acts at trial. During the course of trial,
Maria Herrera, the complainant and Appellant’s wife, testified that an intoxicated Appellant
had assaulted her during the course of a domestic dispute.
           On cross-examination, counsel for Appellant tried to impeach Ms. Herrera by
questioning her motives in prosecuting Appellant. During the course of this questioning,
counsel nearly elicited responses concerning Appellant’s prior bad acts. The court repeatedly
admonished counsel to avoid a mistrial situation. Appellant’s counsel tried to elicit a
response from Ms. Herrera that she took battered woman’s counseling in order to take
advantage of the Violence Against Women’s Act in order to obtain Unites States citizenship. 
           During redirect examination, the prosecutor attempted to establish that Ms. Herrera
took the battered woman classes as a result of Appellant’s assault upon her. The following
exchange occurred during this attempt:
           STATE:        Do you remember the dates on which you took those classes?
 
           WITNESS:   They’re written right here.
 
           STATE:        Okay.

. . .
 
STATE:The dates that are on that log--I guess you would call it--are they
before or after May 28th, 2001?
 
WITNESS:It’s way after, a lot after.
 
STATE:And why did you take seek [sic] the counseling classes?
 
WITNESS:I didn’t go looking for them, but it happened a second time.
 
STATE:Okay. Let’s talk about--
 
DEFENSE:Objection, Judge. Move for mistrial, Judge.

           The court granted a mistrial on the ground that the State had elicited a response which
revealed a prior bad act on the part of Appellant. Prior to the start of the second trial,
Appellant filed a writ of habeas corpus and a motion to dismiss on the ground of double
jeopardy. The court denied the motion. On the same day, Appellant was tried for the same
offense and was convicted.
II. DISCUSSION
           In Appellant’s sole issue, he maintains that the court erred when it denied his habeas
corpus application alleging a double jeopardy violation. When conducting an appellate
review, an appellate court must determine the amount of deference given to the ruling at
issue. Appellate courts either give almost total deference to trial court rulings, or review the
rulings de novo, dependant on the basis of the decision being challenged.
           Where, as here, a reporter’s record of the hearing on the application for writ of habeas
corpus is presented, almost total deference is given to the (1) trial court’s determinations of
historical facts with support in the record, (2) fact determinations which involve an
evaluation of credibility or demeanor, and (3) rulings on those questions involving
application of law to fact (also known as mixed questions of law and fact) if the resolution
of those ultimate questions depends upon an evaluation of credibility and demeanor. 
Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997) (en banc); Hill v. State, 79
S.W.3d 682, 686 (Tex.App.--Amarillo 2002, pet. ref’d). This level of appellate deference
is referred to as a review for abuse of discretion. Guzman, 955 S.W.2d at 89; Hill, 79 S.W.3d
at 686. Mixed questions of law and fact not falling within the foregoing categories may be
reviewed de novo by the appellate court. Guzman, 955 S.W.2d at 89; Hill, 79 S.W.3d at 686.
De novo review does not embody the abuse of discretion standard of review. Guzman, 955
S.W.2d at 89; Hill, 79 S.W.3d at 686. Even when the reviewing court is conducting a de
novo review, however, an appellate court gives appropriate deference (abuse of discretion)
to the trial court’s findings on subsidiary factual questions. Guzman, 955 S.W.2d at 89; Hill,
79 S.W.3d at 686. If the accused raises a double jeopardy claim in a pretrial writ of habeas
corpus, he has the burden to produce sufficient evidence to prove his double jeopardy claim
by a preponderance of the evidence. Ex parte Peterson, 117 S.W.3d 804, 818
(Tex.Crim.App. 2003).
           The long-established general rule in Texas is that a mistrial granted at the defendant’s
request poses no double jeopardy limitation upon a retrial of the defendant. See Bauder v.
State, 921 S.W.2d 696, 698 (Tex.Crim.App. 1996) (Bauder I ). Thus, “[o]rdinarily, when
a defendant obtains a mistrial at his own request, a second trial is not jeopardy barred because
the defendant’s motion for mistrial is considered ‘a deliberate election on his part to forego
his valued right to have his guilt or innocence determined before the first trier of fact.’” Id. 
However, the Court of Criminal Appeals has recognized an exception to this general rule,
holding that a subsequent prosecution will be jeopardy barred after declaration of a mistrial
at the defendant’s request, not only when the objectionable conduct of the prosecutor was
intended to induce a motion for mistrial, but also when the prosecutor was aware but
consciously disregarded the risk that an objectionable event for which he was responsible
would require a mistrial at the defendant’s request. Id. at 699. This rule is invoked only
where the mistrial is unavoidable, a very unusual circumstance given the presumption that
curative instructions are effective in removing questionable argument and evidence from the
consideration of the jury. Id. at 699-700.
           The Court of Criminal Appeals has further clarified this standard, noting that two
critical questions must be answered: on the one hand, whether the Appellant’s motion for
mistrial was a choice he or she made in response to ordinary reversible error in order to avoid
conviction, appeal, reversal, and retrial. Or, on the other hand, was he or she required to
move for mistrial because the prosecutor deliberately or recklessly crossed “‘the line between
legitimate adversarial gamesmanship and manifestly improper methods’ . . . that rendered
trial before the jury unfair to such a degree that no judicial admonishment could have cured
it?” See State v. Lee, 15 S.W.3d 921, 923 (Tex.Crim.App. 2000) (quoting Ex parte Bauder,
974 S.W.2d 729, 732 (Tex.Crim.App. 1998) (Bauder II )).
           This standard imports a mens rea requirement into the double jeopardy context. When
the prosecutor’s conduct is either intentional or reckless as described above, subsequent
prosecutions are barred by the double jeopardy protection. Bauder, 921 S.W.2d at 699. 
Thus, in order for a prosecutor’s offer of evidence to be viewed as an intentional or reckless
act within this context, he must have either (1) “believe[d the evidence would] materially
improve his chances of obtaining a conviction, and the law considers the prejudicial effect
of such objectionable evidence to be incurable even by a firm judicial admonishment to the
jury [;]” or (2) been “aware but consciously disregarded the risk that an objectionable event
for which he was responsible would require a mistrial at the defendant’s request” or have
been aware but consciously disregarded the risk that a mistrial would be “reasonably certain”
to occur as a result of his conduct. Lee, 15 S.W.3d at 925. In determining whether the
prosecutor acted intentionally or recklessly, the reviewing court must take into account the
appropriate substantive law. Id. at 924.
           In sum, some of the objective facts and circumstances that courts might consider in
determining the prosecutor’s mens rea include but are not limited to: (1) Was the misconduct
a reaction to abort a trial that was not going well for the State? In other words, at the time
that the prosecutor committed the complained of act, did it reasonably appear that the
defendant would likely obtain an acquittal? (2) Was the alleged misconduct repeated despite
admonitions from the trial court? (3) Did the prosecutor respond with a reasonable, “good
faith” explanation for the conduct? (4) Was the conduct “clearly erroneous”? (5) Was there
a legally or factually plausible basis for the conduct, despite its ultimate impropriety? Ex
parte Peterson, 117 S.W.3d at 818-19.
           In the present case, we find that the court did not err in denying Appellant’s writ of
habeas corpus and motion to dismiss. The evidence before us does not indicate that the
prosecutor consciously or recklessly elicited the response concerning Appellant’s prior bad
acts. It is a valid interpretation of the evidence that the prosecutor did not ask the question
to elicit that response; rather, the question was asked to establish that Ms. Herrera took the
classes as a result of the assault at issue at trial. The prosecutor used the date of that assault
as a point of reference for the question. We find that it could not have been reasonably
anticipated that the prosecutor should have anticipated the witnesses’ response.
           Further, we find that an instruction to disregard could have cured any prejudicial
effect caused by the response to the prosecutor’s question. Judicial admonishments are
presumed efficacious. Waldo v. State, 746 S.W.2d 750, 754 (Tex.Crim.App. 1988). An
instruction to disregard a nonresponsive answer to a question by a prosecutor can cure any
alleged prejudice even when the response refers to an offense unrelated to the offense being
tried. See Stoker v. State, 788 S.W.2d 1, 13-14 (Tex.Crim.App. 1989), cert. denied, 498 U.S.
951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990).
           Another factor in our analysis is the fact that Appellant originally broached the
question of the complainant’s motives for taking the battered woman classes notwithstanding
the court’s admonishments not to elicit the fact of prior bad acts. As stated above, the
prosecutor’s question did not appear to be geared toward obtaining the illicit response. There
is no evidence to indicate that conscious or reckless prosecutorial misconduct caused the
mistrial, or that an instruction to disregard could not have cured any prejudice. Further, the
record does not indicate that the prosecution engaged in such conduct with intent to goad the
Appellant to request a mistrial, or that the prosecutor acted with conscious disregard for a
substantial risk that the lower court would be required to declare a mistrial. We overrule
Appellant’s issue.
 

           Having overruled Appellant’s sole issue on review, we affirm the judgment of the trial
court.
                                                                  RICHARD BARAJAS, Chief Justice
June 30, 2005

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)