NO. 12-01-00196-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


DINARIO JONES,
§
 APPEAL FROM THE SEVENTH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

 Dinario Jones ("Appellant") appeals his conviction for murder, for which he was sentenced
to imprisonment for forty years. Appellant raises four issues on appeal. We affirm.


Background

 Appellant confessed to setting fire to Beth Little's ("Little") house after he burgled it. (1) In his
confession, Appellant stated that he set fire to a bed sheet to conceal the burglary, but did not know
if the fire burned the house because it was a small fire when he left the scene. Ultimately, the fire
spread and the resulting smoke killed Little's neighbor, Shelly Haynes, and her daughter, Hanna
Haynes.

 Appellant was indicted for felony murder. He pleaded "not guilty," and the matter proceeded
to trial by jury. At trial, Appellant called his aunt, Janitha Warren ("Warren"), as his only defense
witness. Warren testified that she had seen Appellant in his bed asleep at the time the fire started. 
During its cross examination, the State of Texas (the "State") asked Warren if she had ever been
convicted of any misdemeanor thefts. Warren responded that she had been twice convicted of
misdemeanor theft, once in Smith County and once in Dallas County, Texas. After Appellant's
redirect examination, Appellant, at a bench conference, requested that the trial court instruct the jury
that it not consider these convictions, which were more than ten years old. Appellant also requested
a mistrial. The court gave an instruction as requested, but denied Appellant's motion for mistrial.

 Following the conclusion of evidence, Appellant objected to the court's charge and requested
that the offenses of manslaughter and criminally negligent homicide, which Appellant argued were
each lesser included offenses of felony murder, be submitted. The trial court denied Appellant's
request, the parties proceeded with argument, and the case was submitted to the jury. Ultimately,
the jury found Appellant guilty as charged and sentenced him to imprisonment for forty years. Upon
the State's motion, the trial court ordered that Appellant's forty-year sentence run consecutive to the
seventy-year sentence Appellant had received for the arson of Little's home in a trial conducted more
than five months earlier.


Improper Impeachment - Prior Convictions

 In his first issue, Appellant contends that the trial court committed reversible error by denying
his motion for mistrial following the State's questioning of Warren regarding prior convictions for
misdemeanor theft. The denial of a motion for mistrial is reviewed under the standard of abuse of
discretion. See Trevino v. State, 991 S.W.2d 849, 851 (Tex. Crim. App. 1999). A trial court does
not abuse its discretion when its decision is at least within the zone of reasonable disagreement. See
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

 Appellant first argues that the prejudice surrounding Warren's stale misdemeanor convictions
far outweighed their probative value and that they were, therefore, inadmissible under Texas Rule
of Evidence 609(a). Appellant next argues that the State improperly sought to use extraneous
offenses to attack Warren's credibility because it failed to give notice pursuant to Texas Rule of
Evidence 609(f). However, both of these arguments relate to whether the evidence was admissible. 
Here, the trial court determined the evidence to be inadmissible and instructed the jury to disregard
the evidence of Warren's theft convictions. Thus, Appellant's first two arguments are immaterial.

 Appellant further contends that the trial court's admonishment to the jury was not sufficient
to cure the error. Appellant cites Ex parte Bauder, 974 S.W.2d 729 (Tex. Crim. App. 1998) in
support of his proposition that when a prosecutor deliberately or recklessly crosses the line between
legitimate adversarial gamesmanship and manifestly improper methods that render a trial before the
jury unfair to such a degree that no judicial admonishment could have cured it, then a mistrial is
necessary. However, the issue resolved by the court of criminal appeals in Ex parte Bauder relates
to the double jeopardy implications of a mistrial, not whether the trial court properly granted the
mistrial. Id. at 732. The court did not actually determine whether the prosecutor's action in that case
involved "manifestly improper methods." Id. Rather, the court concluded as follows:


 [T]he questions presented in this case are, on the one hand, whether the appellant's motion for mistrial
was a choice he made in response to ordinary reversible error in order to avoid conviction, appeal,
reversal, and retrial. Or, on the other hand, was he required to move for mistrial because the
prosecutor deliberately or recklessly crossed "the line between legitimate adversarial gamesmanship
and manifestly improper methods" that rendered trial before the jury unfair to such a degree that no
judicial admonishment could have cured it.



Id. For our purposes, while Ex parte Bauder envisions a scenario where a prosecutor's methods
could render a trial so unfair that a judicial admonishment could not cure it, it does not set forth
sufficient facts to demonstrate where the line between "legitimate adversarial gamesmanship" and
"manifestly improper methods" lies. Id. However, on remand, the Fourth Court of Appeals
determined that the prosecutor had not deliberately or recklessly crossed the line between legitimate
adversarial gamesmanship and manifestly improper methods when he elicited testimony that the
arresting officer observed that the defendant was engaged in a sexual act as the officer approached
the car. See Ex parte Bauder, 2 S.W.3d 376, 378 (Tex. App.-San Antonio 1999, pet. ref'd). The
court of appeals continued, "We also continue to believe that a judicial admonishment to disregard
the officer's answer would have cured any prejudice resulting from it, rendering the mistrial
unnecessary." Id. at 378 n. 1. Whether the trial judge's admonishment of the jury was sufficient to
cure the error is the crux of Appellant's first issue in the instant case.

 An instruction to disregard is presumed to cure error except in extreme circumstances where
the evidence is "clearly calculated to inflame the minds of the jury and is of such a character as to
suggest the impossibility of withdrawing the impression produced on their minds." Branch v. State,
932 S.W.2d 577, 584 (Tex. App.-Tyler 1995, no pet.); see also Ex parte Bauder, 921 S.W.2d 696,
698 (Tex. Crim. App. 1996). Here, other than his reliance on Ex parte Bauder, (2) Appellant has
presented no cogent argument demonstrating that the evidence elicited by the State regarding a
defense witness's two stale misdemeanor theft convictions was of such a character that it was
impossible for jurors to withdraw the impression created by the evidence from their minds. (3) As
such, we conclude that Appellant failed to overcome the presumption that the trial court's instruction
to disregard cured the error. Therefore, we hold that the trial court did not abuse its discretion in
overruling Appellant's motion for mistrial. Appellant's first issue is overruled.


Double Jeopardy

 In his second issue, Appellant contends that he was subjected to double jeopardy in violation
of his constitutional and statutory rights because the jury was permitted to deliberate and again
determine Appellant's guilt for the arson of Little's house, for which Appellant was previously
convicted. The double jeopardy clause provides that no person shall be "subject for the same offense
to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The double jeopardy clause
protects against (1) a second prosecution for the same offense after acquittal; (2) a second
prosecution for the same offense after conviction; and (3) multiple punishments for the same offense.
See Brown v. Ohio, 432 U.S. 161, 164-65, 97 S. Ct. 2221, 2224-25, 53 L. Ed. 2d 187 (1977). In
determining whether the double jeopardy clause has been violated, we ordinarily apply the
Blockburger test. The Blockburger test states that "where the same act or transaction constitutes
a violation of two distinct statutory provisions the test to be applied to determine whether there are
two offenses or only one is whether each provision requires proof of a fact which the other does not."
Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932).

 In the instant case, Appellant cites to Blockburger, but fails to conduct analysis in accordance
therewith. Rather, Appellant argues at length that the evidence that Appellant set fire to Little's
house was more prejudicial than probative. However, the record reflects that Appellant failed to
object when the State first made mention that Appellant had started the fire at Little's house. 
Moreover, Appellant has not provided us with any record cites or otherwise argued that error was
preserved on the issue of whether evidence that he started the fire at Little's house was properly
admissible. Therefore, Appellant has waived error on this issue, if any. See Tex. R. App. P. 33.1.

 Turning again to the issue of double jeopardy, we conclude that Appellant has waived this
issue by failing to conduct proper analysis under Blockburger. See Tex. R. App. P. 38.1(h). 
However, even assuming that Appellant did not waive this issue, the result would not be different. 
The act of arson and the act of felony murder are not the same criminal act and are not barred by
double jeopardy. See Murphy v. State, 665 S.W.2d 116, 119 (Tex. Crim. App. 1983); see also
Lawson v. State, 64 S.W.3d 396, 397 n. 4 (Tex. Crim. App. 2001) (Cochran, J., concurring);
Johnson v. State, 4 S.W.3d 254, 257 (Tex. Crim. App. 1999); compare Tex. Pen. Code. Ann. §
19.02(b)(3) (Vernon 1994), with Tex. Pen. Code. Ann. § 28.02 (Vernon Supp. 2002). Therefore,
we hold that Appellant's protections against double jeopardy were not violated. Appellant's second
issue is overruled.


Lesser Included Offense

 In his third issue, Appellant contends that the trial court erred in denying his request to
submit manslaughter and criminally negligent homicide as lesser included offenses of felony murder. 
An offense is a lesser included offense if (1) it is established by proof of the same or less than all the
facts required to establish the commission of the offense charged; (2) it differs from the offense
charged only in the respect that a less serious injury or risk of injury to the same person, property or
public interest suffices to establish its commission; (3) it differs from the offense charged only in the
respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an
attempt to commit the offense charged or an otherwise included offense. See Tex. Code Crim.
Proc. Ann. art. 37.09 (Vernon 1981). Furthermore, to be entitled to a charge instruction on a lesser
included offense, there must be some evidence in the record that if the defendant is guilty, he is
guilty of only the lesser offense. See Moreno v. State, 702 S.W.2d 636, 640 (Tex. Crim. App. 1986).

 Criminally negligent homicide is a lesser included offense of felony murder when (1) the
intended felony is other than an underlying assaultive offense, and (2) the facts of the case warrant
the submission of the offense. See Kuykendall v. State, 609 S.W.2d 791, 797-98 (Tex. Crim. App.
[Panel Op.] 1980), overruled on other grounds, Cook v. State, 858 S.W.2d 467, 469-70 (Tex. Crim.
App. 1993); Mackey v. State, 811 S.W.2d 643, 645 (Tex. App.-Waco 1991, pet. ref'd). It follows
that manslaughter is likewise a lesser-included offense of felony murder where the conditions set
forth in Kuykendall exist since manslaughter and criminally negligent homicide differ only in the
required mens rea. Compare Tex. Pen. Code Ann. § 19.04(a) (Vernon 1994), with Tex. Pen. Code
Ann. § 19.05(a) (Vernon 1994); see also, e.g., Mackey, 811 S.W.2d at 645 (analyzing claim related
to submission of criminally negligent homicide and involuntary manslaughter under Kuykendall,
but holding, as did the court in Kuykendall, that the facts of the case did not warrant submission as
lesser-included offenses); Lugo v. State, 667 S.W.2d 144, 147 (Tex. Crim. App. 1984) (criminally
negligent homicide is a lesser included offense of manslaughter).

 Here, we must decide whether there is evidence in the record that if the defendant is guilty,
he is guilty of only the lesser offense. See Moreno v. State, 702 S.W.2d 636, 640 (Tex. Crim. App.
1986). (4) Manslaughter requires proof that the defendant acted recklessly, that is, that he consciously
disregarded a substantial risk of which he was aware. See Tex. Pen. Code § 19.04(a); Tex. Pen.
Code Ann. § 6.04(c) (Vernon 1994). Criminally negligent homicide requires proof that the
defendant acted with criminal negligence, that is, that he ought to have been aware of a substantial
and unjustifiable risk that the result would occur. See Tex. Pen. Code § 19.05(a); Tex. Pen. Code 
Ann. 6.04(d) (Vernon 1994). Appellant argues that there was testimony that he did not intend to
harm anyone when he lit the fire. However, although evidence that Appellant started the fire was
required to demonstrate that Appellant committed an act clearly dangerous to human life, see Tex.
Pen. Code 19.02(b)(3), whether Appellant intended to harm anyone is not a fact required to prove
the offense of felony murder. See Rodriquez v. State, 548 S.W.2d 26, 28-9 (Tex. Crim. App. 1977)
(the culpable mental state for felony murder is supplied by the mental state accompanying the
underlying committed or attempted felony giving rise to the offense); Mackie, 811 S.W.2d at 645. 
Here, our review of Appellant's written statements indicates that Appellant intentionally started the
fire by igniting Little's bed sheets with his cigarette lighter. Our review of the record reveals no
evidence indicating that Appellant acted recklessly or with criminal negligence in this regard, nor
has Appellant cited to any such evidence in his brief. Therefore, since no evidence from any source
related to offenses other than felony murder, we hold that the trial court was not required to submit
a charge on any other offense. Appellant's third issue is overruled.


Cumulative Versus Concurrent Sentencing

 In his fourth issue, Appellant contends that the trial court erred in cumulating or stacking his
sentence for murder with the previous sentence imposed on Appellant for arson. Appellant argues 
that the sentences should not have been stacked because they arose from the same criminal episode
of burglarizing Little's home and setting fire to the bed sheets in an attempt to conceal the burglary. 
We disagree.

 The trial court's general authority under Texas Code of Criminal Procedure article 42.08 to
order consecutive sentences is statutorily limited by Texas Penal Code section 3.03. See LaPorte
v. State, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992); see also Tex. Code. Crim. Proc. Ann. art.
42.08(a) (Vernon Supp. 2002). When the accused is found guilty of more than one offense arising
out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense
for which the accused has been found guilty shall be pronounced and such sentence shall run
concurrently. See Tex. Pen. Code. Ann. § 3.03(a) (Vernon Supp. 2002). The Texas Legislature
intended a "single criminal action" to refer to a single trial or plea proceeding. Ex parte Pharr, 897
S.W.2d 795, 796 (Tex. Crim. App. 1995). As such, a defendant is prosecuted in a "single criminal
action" when allegations and evidence of more than one offense arising out of the same criminal
episode are presented in a single trial or plea proceeding. Id. Although Appellant argues that the
present case and his previous arson trial arose from the same criminal episode, Appellant presents
no argument that he was prosecuted for these two crimes in a "single criminal action." Indeed, the
record reflects that Appellant's arson trial concluded more than five months prior to the
commencement of the trial of the instant case. Therefore, since Appellant did not, and based on our
review of the record, cannot demonstrate that he was prosecuted for arson and murder in a single
criminal action, we hold that the trial court did not err in ordering that Appellant's sentence for
murder run consecutive to Appellant's sentence for arson. Appellant's fourth issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.



 SAM GRIFFITH 

 Justice



Opinion delivered August 14, 2002.

Panel consisted of Worthen, J., and Griffith, J.

Gohmert, Jr., C.J., not participating


























(PUBLISH)
1. Appellant was previously convicted for arson arising from these same facts in cause number 007-0936-00.
2. 974 S.W.2d 729 (Tex. Crim. App. 1998).
3. The record reflects that the trial judge admonished the jury twice, once following Appellant's motion for
mistrial, and again prior to closing arguments. In fact, during his second admonishment, the trial judge polled the
jury twice, asking anyone who could not set the question and answer at issue aside without having the question and
answer affect him to please raise his hand. The record reflects that no juror raised his hand.
4. Initially, we note that Appellant has failed to make a single citation to the record in his brief to evidence
required to prove the necessary elements of felony murder, which would also satisfy the necessary elements of either
manslaughter or criminally negligent homicide and has, therefore, waived the issue. See Tex. R. App. P. 38.1(f).