**Ex parte Samuel BAUDER, Appellant.**

No. 0079–97.

Court of Criminal Appeals of Texas, En Banc.

June 10, 1998.

John A. Hrncir, Robert A. McGlohon, Jr., San Antonio, for appellant.

Margaret M. Fent, Assistant District Attorney, San Antonio, for State.

## PETITION FOR DISCRETIONARY REVIEW

MANSFIELD, Judge, delivered the opinion of the Court, in which OVERSTREET, MEYERS, PRICE, HOLLAND and WOMACK, JJ., joined.

■ We granted discretionary review of this case to determine whether the Fourth Court of Appeals applied the correct standard of law in determining the double jeopardy provisions of the Texas Constitution do not bar re-trial of Appellant's case.

Appellant is charged with driving while intoxicated. Appellant's second trial[1] ended in a mistrial after the prosecutor adduced testimony from the arresting officer that, immediately prior to Appellant's arrest, Appellant was engaged in extraneous misconduct. Before a third trial could begin, Appellant filed a pre-trial application for writ of habeas corpus, claiming further prosecution was jeopardy-barred under the Texas and United States Constitutions. The habeas judge found the prosecuting attorney deliberately elicited the testimony from the arresting officer at the second trial for the purpose of prejudicing Appellant unfairly before the jury. However, the habeas judge denied relief, because Appellant sought the mistrial and because it did not appear that the prosecutor elicited the objectionable testimony for the purpose of goading Appellant into seeking a mistrial. The Fourth Court of Appeals affirmed, holding that the Fifth Amendment to the United States Constitution is not offended by a successive prosecution for the same offense in a case such as this, and that the Texas Constitution's double jeopardy provisions do not accord any greater protections that those in the federal constitution. *Bauder v. State*, 880 S.W.2d 502, 503 (Tex. App.—San Antonio 1994).

After granting Appellant's petition for discretionary review, this Court determined

---

1. Appellant's first trial also ended in a mistrial.

that Texas constitutional double jeopardy provisions may be interpreted more broadly than the federal counterpart,[2] reversed the judgment of the Court of Appeals, and remanded for reconsideration of Appellant's state constitutional argument. *Bauder v. State,* 921 S.W.2d 696 (Tex.Cr.App.1996). Specifically, we held that a subsequent prosecution may be jeopardy-barred after declaration of a mistrial if the objectionable conduct of the prosecuting attorney was intended to induce a motion for mistrial, or if "the prosecutor was aware but consciously disregarded the risk that an objectionable event for which he was responsible would require a mistrial at the defendant's request." *Bauder,* 921 S.W.2d at 699. We also noted that trial conditions must be extreme before a mistrial is warranted under Texas law; therefore, a prosecutor will not be accountable, and a subsequent prosecution not barred by jeopardy, when the trial judge need not have granted the defendant's motion. *Id.* at 699–700. Because we declined to express an opinion as to whether the conduct of the prosecutor in this case was such as to bar the subsequent prosecution, we remanded the cause to the Fourth Court of Appeals for a determination of Appellant's state constitutional double jeopardy claims.

On remand, the court of appeals concluded the trial court need not have granted Appellant's motion for mistrial; therefore, his subsequent trial was not jeopardy-barred. *Bauder v. State,* 936 S.W.2d 19 (Tex.App.—San Antonio 1996). In reaching this conclusion, the Court of Appeals found that this Court's opinion called for a two-step analysis:

First, we must determine whether the trial judge "need not have granted the defendant's motion" for mistrial. This first step in the analysis is necessary because the

prosecutor can only be accountable for a mistrial if the mistrial was properly granted. Second, we must determine whether the prosecutor either intended to induce the mistrial or "was aware but consciously disregarded the risk that an objectionable event for which he was responsible would require a mistrial at the defendant's request."

*Bauder,* 936 S.W.2d at 20 (citations omitted). The first part of the test, the court of appeals stated, required it to determine whether the trial court would have abused its discretion had it denied Appellant's motion for mistrial. *Id.* at 21. The court therefore concluded that it must determine "whether any reasonable view of the record supports not granting the mistrial." *Id.* at 22. Appellant claims the Court of Appeals has misconstrued our opinion and applied an incorrect appellate standard of review.[3]

■ The test used by the Court of Appeals asks whether the trial court would have abused its discretion had it denied a mistrial. This is, of course, the test which is applicable where an appellant avers the trial court erred in denying his motion for mistrial. However, the trial court did grant the motion for mistrial, so this test is not applicable to the present case. The court of appeals found the trial court need not have granted appellant's motion for mistrial in the present case, but that does not resolve the ground for review: given that the trial court *did* grant appellant's motion for mistrial, is retrial barred by the Texas Constitution's Double Jeopardy Clause due to prosecutorial misconduct?[4]

The question is not the correctness of the ruling granting the mistrial. The question under the Double Jeopardy Clause is wheth-

---

**2.** We found the Court of Appeals ruled correctly in regard to Appellant's federal constitutional claims. *Bauder,* 921 S.W.2d at 696, citing *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982).

**3.** The Court of Appeals acknowledged that application of this "test" is contrary to prevailing law in that it ignores the findings of the trial court and fails to accord proper deference to the same. *Bauder,* 936 S.W.2d at 19 n. 3; see also, *Guzman v. State,* 955 S.W.2d 85 (Tex.Crim.App.1997) (when considering mixed questions of law and

fact great weight should be given to the trial judge's determinations of historical fact, findings, and application of law to fact questions).

**4.** We note that where the trial court *has granted* a motion for mistrial, that decision is, for all intents and purposes, not subject to review on appeal. The reasons are self-evident: trial has been halted, the jury has been dismissed, and it would be impractical to resume trial at that point sometime in the future.

er the defendant truly consented to the mistrial.

■ Most motions for mistrial are with the defendant's consent. "[W]here circumstances develop not attributable to prosecutorial or judicial overreaching, a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error." *United States v. Jorn*, 400 U.S. 470, 485, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). This rule is fully consistent with the interests protected by the Double Jeopardy Clause. "The defendant may reasonably conclude that a continuation of the tainted proceeding would result in a conviction followed by a lengthy appeal and, if a reversal is secured, by a second prosecution. In such circumstances, a defendant's mistrial request has objectives not unlike the interests served by the Double Jeopardy Clause—the avoidance of the anxiety, expense, and delay occasioned by multiple prosecutions." *United States v. Dinitz*, 424 U.S. 600, 608, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). The question is whether the defendant made the choice. The issue may not be resolved by the standards for a waiver. "[T]raditional waiver concepts have little relevance where the defendant must determine whether or not to request or consent to a mistrial in response to judicial or prosecutorial error. In such circumstances, the defendant generally does face a 'Hobson's choice' between giving up his first jury and continuing a trial tainted by prejudicial judicial or prosecutorial error. The important consideration, for purposes of the Double Jeopardy Clause, is that the defendant retain primary control over the course to be followed in the event of such error." *Id.* at 609, 96 S.Ct. 1075 (citations and footnote omitted).

■ But "the defendant's valued right to complete his trial before the first jury would be a hollow shell if the inevitable motion for mistrial were held to prevent a later invocation of the bar to double jeopardy in all circumstances." *Oregon v. Kennedy*, 456 U.S. 667, 673, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). If the circumstances prompting the mistrial were attributable to a prosecutor's using "manifestly improper methods . . . delib-

erately or recklessly" (*Bauder v. State*, 921 S.W.2d at 700) which "render trial before the jury unfair to such a degree that no judicial admonishment can cure it, an ensuing motion for mistrial by the defendant cannot fairly be described as the result of his free election." *Id.* at 698. Such a motion would not prevent a defendant from invoking the double jeopardy bar to retrial.

■ Therefore the questions presented in this case are, on the one hand, whether the appellant's motion for mistrial was a choice he made in response to ordinary reversible error in order to avoid conviction, appeal, reversal, and retrial. Or, on the other hand, was he required to move for mistrial because the prosecutor deliberately or recklessly crossed "the line between legitimate adversarial gamesmanship and manifestly improper methods" (*id.* at 700) that rendered trial before the jury unfair to such a degree that no judicial admonishment could have cured it?

Appellant's sole ground for review is sustained. The decision of the San Antonio Court of Appeals is reversed, and the cause is remanded for further proceedings consistent with this opinion.

BAIRD, J., delivered a concurring opinion.

KELLER, J., delivered a dissenting opinion, in which McCORMICK, P.J., joined.

BAIRD, Judge, concurring.

The difficulty we find ourselves in today was caused by the choice of language in our original opinion. The majority's effort has been to clarify that language and I join them in that effort. However, I write separately because I fear the majority opinion potentially blurs the critical distinction between mistrials granted in response to "ordinary" reversible error and those granted because of "prosecutorial overreaching."

When a mistrial is granted in response to the former, jeopardy does not bar retrial. *See Alvarez v. State*, 864 S.W.2d 64, 65 (Tex.Cr.App.1993)("[M]anifest necessity for a mistrial would exist 'if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedur-

al error in the trial.'" Quoting *Illinois v. Somerville*, 410 U.S. 458, 464, 93 S.Ct. 1066, 1070, 35 L.Ed.2d 425 (1973), and citing *Sewell v. State*, 696 S.W.2d 559, 561 (Tex.Cr. App.1985); *Schaffer v. State*, 649 S.W.2d 637 (Tex.Cr.App.1983); and, *Durrough v. State*, 620 S.W.2d 134, 137 (Tex.Cr.App.1981)).

However, when a mistrial is declared as a result of "prosecutorial overreaching," retrial is barred by the Double Jeopardy Clause of the Texas Constitution. Art. I, Sec. 14, Tex. Const. This is so because the request for a mistrial granted as a result of prosecutorial overreaching cannot be consensual.[1]

In the instant case, the trial judge found the State elicited the objectionable testimony "... *for the purpose* of interjecting prejudicial material into the trial ... [a]nd the *prosecution's intent* was to inject those statements and those conclusions, rather, for their prejudicial purposes against the defendant." In light of these findings, a mistrial was granted. These findings are supported by the record from the Plea in Bar hearing, where the prosecutor testified he was aware of, but consciously disregarded the risk his conduct would result in a mistrial.[2]

With these comments, I join the opinion of the Court.

KELLER, Judge, dissenting.

In the present case, this Court must address the circumstances under which a mis-

trial, granted on the defendant's motion, implicates the protection found in the Texas Constitution's double jeopardy clause. The Court of Appeals held that the protection found in our state constitution is not implicated unless the trial judge was *required* to grant the mistrial. *Bauder v. State*, 936 S.W.2d 19, 21 (Tex.App.—San Antonio 1996). That court opined that a trial judge is "required" to grant a mistrial if the trial judge would have abused his discretion in denying the mistrial motion. *Id.* And, the court held, a trial judge does not abuse his discretion in denying a mistrial if "any reasonable view of the record supports not granting the mistrial. *Id.* at 22. In determining whether "any reasonable view of the record supports denying a mistrial," the Court of Appeals explained that "our system presumes that judicial admonishments to the jury are efficacious." *Id.* The court then compared the present case with other cases in which instructions to disregard were held to cure error. *Id.* The court concluded that the present case was less severe than those cases, and hence, the trial court was not required to grant a mistrial. *Id.* The majority contends that the Court of Appeals applied the wrong standard in resolving the double jeopardy issue. Because I believe the Court of Appeals did in fact apply the standard announced by the majority today I must dissent.

---

1. Additionally, the majority is absolutely correct in stating: "where the trial court has granted a motion for mistrial [as in the instant case], that decision is, *for all intents and purposes,* not subject to review on appeal ..." Ante at—; slip op. pg. 3. This statement is correct because, in determining whether the trial court abused its discretion in granting the mistrial, the reviewing court must defer to the findings of the trial court. *Ex parte Davis*, 957 S.W.2d 9, 13 (Tex.Cr.App.1997). *See also, Ex parte Turner*, 545 S.W.2d 470, 473 (Tex.Cr.App.1977); *Ex parte Adams*, 768 S.W.2d 281, 288 (Tex.Cr.App.1989); *Ex parte Mowbray*, 943 S.W.2d 461 (Tex.Cr.App.1996). Most recently, in *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Cr.App.1997), we held:

   ... Our decision also is meant to reaffirm the long-standing rule that appellate courts should show almost total deference to a trial court's findings of fact especially when those findings are based on an evaluation of credibility and demeanor—i.e., in reviewing a trial court's ruling on an "application of law to fact question," the appellate courts should view the evidence

in the light most favorable to the trial court's ruling.

2. Specifically, that records reflects the following colloquy:

   DEFENSE: All right. And, again, but [sic] you asking him for something like this, wouldn't you expect, if you would ask him—or some hearsay— or some questions will require hearsay answers, that I would stand up and object?
   PROSECUTOR: I would expect you would. You're an experienced attorney.
   DEFENSE: All right. And especially in light of the fact that I filed a Motion in limine that was granted in that particular area?
   PROSECUTOR: That's true.
   In light of this record, Judge McCormick is incorrect when he states the record "does not prove the prosecutor was aware but consciously disregarded the risk that an objectionable event for which he was responsible would require a mistrial at the defendant's request." Post at—, slip op. pg 3 (McCORMICK, J. dissenting).

In *Bauder v. State*, 921 S.W.2d 696 (Tex. Crim.App.1996), we held that the prosecutor is accountable only for mistrials that the trial court was required to grant:

> We therefore hold that a successive prosecution is jeopardy barred after declaration of a mistrial at the defendant's request, not only when the objectionable conduct of the prosecutor was intended to induce a motion for mistrial, but also when the prosecutor was aware but consciously disregarded the risk that an objectionable event for which he was responsible would *require* a mistrial at the defendant's request. *Under this rule, the prosecutor is not accountable for mistrials when the trial judge need not have granted the defendant's motion.* But he is accountable for mistrials properly granted by the trial judge when the events making a mistrial *necessary* were of his own deliberate or reckless doing.

*Id.* at 699 (emphasis added). The emphasized language appears plain and deliberate: if the trial court *need not* have granted a mistrial, no jeopardy bar occurs, even though the trial court's granting of the mistrial may have been within its discretion.

In *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), the Court explained that the "intentional goading" standard was designed to protect a defendant whose motion for mistrial could not fairly be considered a result of his own free will:

> [I]t may be wondered as a matter of original inquiry why the defendant's election to terminate the first trial by his own motion should not be deemed a renunciation of that right for all purposes. We have recognized, however, that there would be great difficulty in applying such a rule where the prosecutor's actions giving rise to the motion for mistrial were done 'in order to goad the [defendant] into requesting a mistrial.'" [citation omitted]. In such a case, the defendant's valued right to complete his trial before the first jury would be a hollow shell if the *inevitable* motion for mistrial were held to prevent a later invocation of the bar of double jeopardy in all circumstances.

*Id.* at 673, 102 S.Ct. 2083 ("defendant" in brackets in original; all other bracketed material inserted; emphasis added). Under the United States Constitution, it is not enough that there exist sufficient grounds for a mistrial; the defendant must in essence be forced to move for one:

> Where the prosecutorial error even of a degree sufficient to warrant a mistrial has occurred, "[t]he important consideration, for purposes of the Double Jeopardy Clause, is that the defendant retain primary control over the course to be followed in the event of such error."

*Id.* at 676, 102 S.Ct. 2083 (brackets in original; citation omitted). The "intentional goading" situation was seen by the Supreme Court as the only instance in which the defendant loses primary control over the course to be followed. *Id.*

In finding that the Texas Constitution confers more protection than the federal constitution, this Court argued in *Bauder* that there were other circumstances in which the defendant was deprived of freedom of choice on the course of action to be followed:

> [A]lthough our system does not guarantee the right to a trial free of errors and mistakes, we think it clear that, when a prosecutor's deliberate or reckless conduct renders the trial before the jury unfair to such a degree that no judicial admonishment can cure it, an ensuing motion for mistrial by the defendant cannot fairly be described as the result of his free election.

921 S.W.2d at 698. Hence *Bauder* accepted the premise in *Kennedy* that the mistrial must be an inevitable consequence of the prosecutor's misconduct.

But a mistrial is not "inevitable" if the trial court had discretion to grant or deny it. Only where the trial court would have been compelled to grant the mistrial, can a defendant reasonably claim that the mistrial was not fairly a product of his own election.

An analogy can be drawn to double jeopardy situations involving the sufficiency of the evidence. As in the case where a mistrial is granted on the defendant's motion, a finding of insufficient evidence by an appellate court is a resolution of the proceeding ostensibly for the benefit of the defendant. Where the evidence is legally insufficient to support the

conviction, double jeopardy "bars the prosecutor from making a second attempt at conviction." *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). But, where an appellate court merely reverses a conviction because it is against the weight of the evidence, jeopardy presents no bar to reprosecution. *Id.* at 42–44, 102 S.Ct. 2211. Where the evidence is legally insufficient, an appellate court has no choice but to overturn the verdict, but where the verdict is against the weight of the evidence, overturning the verdict is an exercise of appellate discretion. Hence, in the sufficiency context, a jeopardy bar occurs only when the appellate court constitutionally lacks discretion to uphold the conviction:

> Just as the Double Jeopardy Clause does not require society to pay the high price of immunity for every defendant whose first trial was tainted by prosecutorial error, it should not exact the price of immunity for every defendant who persuades an appellate panel to overturn an error free conviction and give him a second chance at acquittal.

*Id.* at 44, 102 S.Ct. 2211. By analogy, a discretionary grant of a mistrial cannot produce a jeopardy bar. The defendant in that situation has obtained adequate relief through the mistrial itself.

As I understand the majority opinion, it holds that a mistrial upon the defendant's request produces a jeopardy bar only upon a showing of three elements: (1) prosecutorial misconduct provokes the mistrial, (2) the mistrial is required because the prejudice produced cannot be cured by an instruction to disregard, and (3) the prosecutor engaged in the conduct with the intent to provoke a mistrial or with conscious disregard for a substantial risk that the trial court would be required to declare a mistrial. In determining the second element, at issue in the present case, an appellate court should rely upon the rules commonly employed for determining whether an instruction to disregard would cure misconduct or error. If this summary of the majority holding is correct, then I join that holding. However, I cannot join the majority's disposition because I believe that the Court of Appeals has evaluated the case in accordance with the above standards. The majority may disapprove of the some of the language in the Court of Appeals opinion, but the analysis supporting that court's holding is essentially the same analysis required by the majority opinion. I would affirm the judgment of the Court of Appeals.

With these comments, I respectfully dissent to the majority's disposition.

McCORMICK, P.J., joins.