**Ex parte Samuel BAUDER.**

**No. 04–93–00725–CR.**

Court of Appeals of Texas, San Antonio.

June 16, 1999.

Rehearing Overruled Aug. 2, 1999.

---

1. In light of our holding, we do not reach the remainder of the issues presented on appeal.

Adrienne Urrutia Zuflacht, San Antonio, for appellant.

Barbara Hervey, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Sitting: TOM RICKHOFF, Justice CATHERINE STONE, Justice SARAH B. DUNCAN, Justice.

### OPINION

Opinion by: TOM RICKHOFF, Justice.

This habeas appeal is before this court for the third time for us to determine whether Samuel Bauder's retrial for driving while intoxicated is jeopardy barred because an earlier trial ended in a mistrial. *See Bauder v. State*, 880 S.W.2d 502 (Tex. App.—San Antonio 1994), *rev'd*, 921 S.W.2d 696 (Tex.Crim.App.1996); *Bauder v. State*, 936 S.W.2d 19 (Tex.App.—San Antonio 1996) (opinion on remand), *rev'd sub nom. Ex parte Bauder*, 974 S.W.2d 729 (Tex.Crim.App.1998). As has been de-tailed in prior opinions, the mistrial was declared after the prosecutor asked the arresting officer "what was going on" when he approached Bauder's vehicle, and the officer responded with a vernacular expression describing a sex act.

In its first opinion in this case, the court of criminal appeals held that under the Texas Constitution "a successive prosecution is jeopardy barred after declaration of a mistrial at the defendant's request ... when the prosecutor was aware but consciously disregarded the risk that an objectionable event for which he was responsible would require a mistrial at the defendant's request." *Bauder v. State*, 921 S.W.2d 696, 699 (Tex.Crim.App.1996). In its most recent opinion, the court instructed:

[T]he questions presented in this case are, on the one hand, whether the appellant's motion for mistrial was a choice he made in response to ordinary reversible error in order to avoid conviction, appeal, reversal, and retrial. Or, on the other hand, was he required to move for mistrial because the prosecutor deliberately or recklessly crossed "the line between legitimate adversarial gamesmanship and manifestly improper methods" that rendered trial before the jury unfair to such a degree that no judicial admonishment could have cured it?

*Ex parte Bauder*, 974 S.W.2d 729, 732 (Tex.Crim.App.1998) (citation omitted).

Immediately after the officer gave the objectionable answer, the judge, the prosecutor and the defense counsel engaged in a discussion outside of the jury's presence. The first thing the prosecutor stated during this discussion was, "If I could make one thing clear: I didn't know that's—what I was expecting him to say was 'parking.' I didn't know something inflammatory was going to come out." At the hearing on Bauder's plea in bar, the prosecutor testified that he briefly spoke with the arresting officer in the hallway before the trial began. The officer told him in the

hallway that Bauder and his companion were "parking." The prosecutor testified, "I was expecting to get—I was pressing to get the answer that [the officer] gave me out in the hallway." He stated that he believed this was "part of what the officer observed." Therefore, the prosecutor "didn't expect to elicit" hearsay or extraneous offense testimony. The prosecutor was "surprised" by the answer given by the officer in court; he "had no idea" the officer would answer in the objectionable way—"[i]t was the first time [the prosecutor] heard that."

Considering that the prosecutor had never heard the officer give the objectionable answer before and that the prosecutor "didn't expect to elicit" the answer, was "surprised" by the answer, and "had no idea" the officer would give the answer, we cannot say that the prosecutor was "*aware* but consciously disregarded the risk that an objectionable event for which he was responsible would require a mistrial at the defendant's request." *Bauder v. State*, 921 S.W.2d at 699 (emphasis added). Nor can we say that he "deliberately or recklessly crossed 'the line between legitimate adversarial gamesmanship and manifestly improper methods....' " *Ex parte Bauder*, 974 S.W.2d at 732.[1] Therefore, Bauder's retrial is not jeopardy barred.

The trial court's order denying habeas relief is affirmed.

---

**1.** We also continue to believe that a judicial admonishment to disregard the officer's answer would have cured any prejudice resulting from it, rendering the mistrial unnecessary. *See Bauder v. State,* 936 S.W.2d at 22. But we presume from the reversal of our second opinion that neither the necessity of the mistrial nor the efficacy of a judicial admonishment is dispositive. *But see Bauder v. State,* 921 S.W.2d at 699 (*"[T]he prosecutor is not accountable for mistrials when the trial judge need not have granted* the defendant's motion [but ] is accountable for mistrials *properly* granted by the trial judge when the events making a mistrial *necessary* were of his own deliberate or reckless doing.") (emphasis added). *Compare id. with Ex parte Bauder,* 974 S.W.2d at 731 ("The question is not the correctness of the ruling granting the mistrial."); *and id.* at 732 (describing one of the questions presented as whether the defendant was "required to move for mistrial because the prosecutor deliberately or recklessly crossed 'the line between legitimate adversarial gamesmanship and manifestly improper methods' *that rendered trial before the jury unfair to such a degree that no judicial admonishment could have cured it* ") (emphasis added).