NO.
12-06-00272-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

                        §                      APPEAL
FROM THE 411TH

EX PARTE:

§                      JUDICIAL DISTRICT COURT

MARSHALL SCOTT TAYLOR

§                      TRINITY COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

            The
court’s opinion of March 14, 2007 is withdrawn, and the following opinion is
substituted in its place.  Marshall Scott
Taylor’s criminal trial ended when the trial court granted his motion for
mistrial.  He applied for a writ of
habeas corpus alleging that double jeopardy principles barred a retrial.  The trial court denied his application.  We affirm.

 

Background








            Appellant was indicted for official
oppression, a class A misdemeanor.  See
Tex. Pen. Code Ann. § 39.03
(a)(1), (d) (Vernon 2003).  Prior to
trial, Appellant’s attorney filed a motion for discovery requesting, among
other things, information regarding “all inducements offered by the state which
might tend to motivate its witnesses to testify against Defendant.”  That portion of the discovery motion was
granted.  During trial, Appellant’s
attorney asked a State’s witness, who had been imprisoned previously, whether
anyone had written a letter to the parole board on his behalf.  The witness said that he did not know of
anyone writing a letter on his behalf, but he acknowledged that he had heard
the parole board ordinarily consulted with the district attorney before it made
a decision to release a person.  Counsel
then told the trial court that he wished to know if the district attorney had
contact with the parole board about the matter. 
The trial court inquired of the district attorney, who said that he had
written a letter to the parole board about the witness.  The district attorney provided the letter to
Appellant.  Subsequently, Appellant’s
attorney moved for a mistrial on the grounds that he would have questioned the
jury panel during voir dire about this issue had he been aware of it.  The State did not object to the motion for a
mistrial, and the trial court granted it. 
            Appellant subsequently
filed an application for a writ of habeas corpus asking the trial court to
dismiss his indictment on the grounds that a retrial would violate the double
jeopardy protections afforded him by the United States and Texas
constitutions.  The trial court denied
the application.  This appeal followed.

 

Double Jeopardy As Bar After Mistrial

            Appellant argues that the district
attorney’s failure to provide him with a letter written to the  parole authorities on behalf of a witness was
prosecutorial misconduct and that the case should be dismissed because the
trial that ended in a mistrial was former jeopardy, which bars his retrial.

Applicable
Law and Standard of Review

            The Double Jeopardy Clause of the
Fifth Amendment to the United States Constitution provides, in pertinent part, “[n]or
shall any person be subject for the same offense to be twice put in jeopardy of
life or limb.” U.S. Const. amend.
V.  The Texas Constitution’s double
jeopardy provision states that “[n]o person, for the same offense, shall be
twice put in jeopardy of life or liberty, nor shall a person again be put upon
trial for the same offense, after a verdict of not guilty in a court of
competent jurisdiction.”  Tex. Const. art. I, § 14.

            A pretrial writ of habeas corpus is
the appropriate method to challenge a prosecution on the grounds of former
jeopardy.  See Ex parte Smith,
178 S.W.3d 797, 801 (Tex. Crim. App. 2005) (“[T]he accused may raise
certain issues [in a pretrial application for a writ of habeas corpus] which,
if meritorious, would bar prosecution or conviction.”).  We review the facts in a light most favorable
to the trial court’s ruling.  See Ex
parte Masonheimer; No. PD-521-05, 2007 Tex. Crim. App. LEXIS 373, at
*32 (Tex. Crim. App. March 21, 2007) (citing State v. Kelly, 204
S.W.3d 808, 818-19 (Tex. Crim. App. 2006)). 
We review the trial court’s legal conclusions de novo.  See Ex parte Martin, 6 S.W.3d 524,
526 (Tex. Crim. App. 1999).  

Analysis

            On appeal and at the hearing on his
application, Appellant relied principally on three Texas Court of Criminal
Appeals decisions, Bauder v. State, Ex parte Bauder (commonly
referred to as Bauder I and II), and Ex
parte Peterson.  See Ex
parte Peterson, 117 S.W.3d 804 (Tex. Crim. App. 2003); Ex parte
Bauder, 974 S.W.2d 729 (Tex. Crim. App. 1998); Bauder v. State,
921 S.W.2d 696 (Tex. Crim. App. 1996). 
These cases were binding authority at the time Appellant cited
them.  However, on January 10, 2007, the
Texas Court of Criminal Appeals delivered Ex parte Lewis, No.
PD-0577-05, 2007 Tex. Crim. App. LEXIS 33 (Tex. Crim. App. Jan. 10, 2007).  In that decision the court overruled the Bauder
and Peterson decisions, disavowed broader protections
under the Texas Constitution for double jeopardy claims where the defense had
requested a mistrial, and adopted the federal standard for reviewing these
kinds of claims.  Id., 2007
Tex. Crim. App. LEXIS 33, at *113 (“As a matter of constitutional law, we adopt
the standard articulated by the United States Supreme Court in Oregon v.
Kennedy [456 U.S. 667, 102 S. Ct. 2083, 72 L. Ed. 2d 416 (1982)]. . . .”).

            In Oregon v. Kennedy,
which articulated the standard adopted by the court of criminal appeals, the
Supreme Court addressed the application of the Double Jeopardy Clause after a
defendant’s motion for a mistrial is granted. 
The Court noted that “[t]he Double Jeopardy Clause of the Fifth
Amendment protects a criminal defendant from repeated prosecutions for the same
offense.”  Id., 456 U.S. at
671, 102 S. Ct. at 2087.  As part of this
protection against multiple prosecutions, the Double Jeopardy Clause affords a
criminal defendant a “valued right to have his trial completed by a particular
tribunal.”  Id.,  456 U.S. at 671–72, 102 S. Ct. at 2087.   But there is an exception when it is the
defendant who moves for a mistrial.  Id.,
456 U.S. at 673, 102 S. Ct. at 2088.  In
those instances, whether retrial is barred will depend on whether the complaint
that provoked the mistrial was a result of actions undertaken by the prosecutor
to “subvert the protections afforded by the Double Jeopardy Clause.”  Id., 456 U.S. at 675–76, 102 S.
Ct. at 2089.  Relief is appropriate only
where “the government conduct in question is intended to ‘goad’ the defendant
into moving for a mistrial.”  Id.  In Oregon v. Kennedy, the Court
remanded the case for retrial based on a lower court ruling that the prosecutorial
conduct was not intended to cause a mistrial. 
Id., 456 U.S. at 679, 102 S. Ct. at 2091.

            In the present case, Appellant
requested a mistrial after learning that the district attorney had written a
letter on a witness’s behalf to the parole board.  Appellant describes the failure to provide
the letter as a Brady violation or a potential Brady
violation.  See Brady v. Maryland,
373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).  Under Brady, a defendant’s
right to due process is violated if the State fails to disclose evidence that
was favorable to the defendant and material to the outcome of the trial.  See Ex parte Richardson,
70 S.W.3d 865, 870 (Tex. Crim. App. 2002). 
Such evidence is material if its effective use may make the difference
between conviction and acquittal.  See
Renteria v. State, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006)
(citing Little v. State, 991 S.W.2d 864, 866 (Tex. Crim. App.
1999)).  Here, the witness did not know
that the district attorney had written a letter on his behalf, and the district
attorney testified that not providing the letter was an oversight.  Therefore, the record supports the trial
court’s implicit conclusions that the failure to tender the letter was not a Brady
violation, not a violation of the court’s order to provide any
inducements offered to witnesses, and not prosecutorial misconduct.

            Generally, even a Brady violation
does not bar retrial.  See Brady,
373 U.S. at 90–91, 83 S.Ct. at 1198; Ex parte Mitchell, 977
S.W.2d 575, 581 (Tex. Crim. App. 1997). 
The court of criminal appeals, however, recently upheld a trial court’s
decision to bar a third trial in a case where the State failed repeatedly to
provide exculpatory witness statements.  See
Masonheimer, 2007 Tex. Crim. App. LEXIS 373.  The court held that the evidence supported
the trial court’s finding that the motions for mistrial were provoked primarily
by the State’s intentional failure to disclose exculpatory evidence with the
specific intent to avoid an acquittal.  Id.
at *1. On the unique facts of that case, the court held that the defendant
suffered the same harm as when the State intentionally “goads” or provokes a
defendant into moving for a mistrial, and that retrial was therefore jeopardy
barred.  Id. at *39.

            In the present case, the trial court
did not find that misconduct occurred or that the letter was withheld with the
specific intent to avoid an acquittal. 
Based on those implied findings, the trial court did not err when it
denied Appellant’s application for writ of habeas corpus.  The district attorney did not goad the defense
into a mistrial to subvert the protections afforded by the Double Jeopardy
Clause (the Oregon v. Kennedy standard) and the district attorney
did not intentionally fail to disclose exculpatory evidence with the specific
intent to avoid an acquittal (the Masonheimer standard).  Rather, Appellant elected to terminate the
trial after discovery of the letter.  He
got the relief he requested.  See United
States v. Scott, 437 U.S. 82, 93, 98 S. Ct. 2187, 2195, 57 L. Ed. 2d 65
(1978) (A defendant’s motion for a mistrial is “a deliberate election on his
part to forgo his valued right to have his guilt or innocence determined before
the first trier of fact.”).  We overrule
Appellant’s sole issue.

 

Disposition

            We affirm the
judgment of the trial court.  

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion delivered March 30, 2007.

Panel
consisted of Worthen, C.J., Griffith, J and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)